UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | PATRICIA M. CURRIE<br>Debtor | CASE NO. 12-11820<br>CHAPTER 13<br>SECTION A |

## OBJECTION BY
## FAIRWAY VILLAS NO. 1 HOMEOWNERS ASSOCIATION, INC.
## TO DEBTOR'S MOTION TO COMPROMISE CLAIM AND USE FUNDS FOR
## MEDICAL AND CAR EXPENSES

NOW INTO COURT, through undersigned counsel, comes Fairway Villas No. 1 Homeowners Association, Inc. ("Homeowners' Association"), a creditor in these proceedings, which files this Objection to the Motion to Compromise Claim and Use Funds for Medical and Car Expenses filed by Patricia M. Currie (the "Debtor") as follows:

1.

Debtor seeks court approval to compromise a claim against the Homeowner's Association and Scottsdale Insurance Company (its insurer) for Debtor's alleged injuries caused by a fall on the sidewalk outside of her home in proceedings entitled "Patricia M. Currie v. Fairway Villas No. 1 Homeowner's Association, Inc." numbered 2010-17173 ("Lawsuit")[1]. The injuries in the Lawsuit were alleged to occur on December 30, 2009, and the Lawsuit was filed on November 16, 2010, both prior to the filing of this bankruptcy.

2.

The funds generated from the settlement of this alleged pre- bankruptcy injury are property of the estate and should be disbursed to creditors according to Paragraph 7. of the Order Confirming Chapter 13 Plan:

> "IT IS ORDERED: . . . (7.) That all proceeds from the sale of property, proceeds from lawsuits or settlements, or tax refunds payable to the debtor shall be turned over to the trustee for administration"

---

[1] A copy of the petition is attached hereto and marked "Exhibit A."

The order was rendered on June 17, 2013 ("Confirmation Order") given Doc. 89, and attached hereto as Exhibit "B"). The Confirmation Order is in accord with *11 U.S.C. 1327(b)* and distribution to creditors of this post filing recovery is appropriate.

3.

The Homeowners' Association's insurer, Scottsdale Insurance Company, has apparently offered Debtor $12,000 to resolve Debtor's claim that the association did not keep the sidewalk and parking areas outside Debtor's home in good repair.

4.

The Homeowner's Association has difficultly in raising sufficient funds from its homeowners to pay for the Scottsdale Insurance and to make general repairs to the common properties, in part, because of Debtor's refusal to pay dues during the plan.

5.

Debtor failed to comply with Court's March 20, 2013, order that she pay monthly assessments by instituting automatic draft and (impliedly) that she pay the monthly assessments owed ("Order to Pay Dues", Doc. 77, attached as Exhibit "C")[2]. Debtor failed to set up the automatic draft despite repeated requests, citing that she needed the Homeowners Association to initiate the drafts rather than arrange to have her bank send payments automatically. For a few months, the Debtor instead manually paid the monthly dues of $158 but then only until August 28, 2015, and no further, leading to the accumulation of over $4,000 in unpaid monthly dues and assessments.

---

[2] The Order to Pay Dues stated:
  IT IS FURTHER ORDERED, that in May 2013, the debtor is to begin remitting to the Homeowner's Association $237.00 per month to cure past due association fees, and IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that debtor is to institute an automatic draft of the monthly association dues from her bank account.

6.

Debtor's failure to pay Homeowner Association dues has in part forced the Homeowner's Association to vote increased dues assessments and has caused great strain on Debtor's neighboring homeowners. Ironically, these increased dues and assessments generated the funds sufficient to pay the increasing premiums to the association's insurance company, namely the same one Debtor sued in the Litigation.

7.

The Homeowner's Association suggests the settlement proceeds should be administered by the estate according to the procedures outlined in the Bankruptcy Code, rather than just given to the Debtor to pay repairs to a car (including air conditioning), to replace aging home appliances and air conditioning units, and to pay dental expenses. If Debtor requires dental care as shown on the estimate with fee expiration date of 2012 attached to Debtor's motion, the proper procedure would be for Debtor to suggest a plan modification and delineate Debtor's needs as per *11 USC 1329*. During such a procedure, the Court could examine Debtor's current income and expenses to determine the accurate amount of disposable income and suggest a fair distribution to the creditors.

8.

Alternatively, in the event the Court finds so egregious Debtor's failure to abide by this Court's Order to Pay Dues, the Homeowner's Association prays that it be paid from the settlement proceeds funds sufficient to pay the $4,042.31[3] which represent unpaid dues and assessments

---

[3] The current amount of post petition dues and assessments owed through February 1, 2016 is $3,187.95, with monthly dues of $213.59 continuing to accrue thereafter. See Account Statement dated February 4, 2016, attached as Exhibit "D".

which accrued during the Plan from August 15, 2015, through June, 2016[4]. See Account Statement dated February 4, 2016, attached as Exhibit "D".

WHEREFORE, Fairway Villas No. 1 Homeowners Association, Inc. requests that the Motion for Compromise Claim and Use of Funds for Medical and Expenses be denied as stated, that the Court order that any funds obtained in the compromise of claim be administered by the Chapter 13 Trustee to pay unsecured creditors, and alternatively, that the Court order that funds obtained in compromise be paid to Fairway Villas No. 1 Homeowners Association, Inc. for unpaid association dues.

Respectfully submitted,

/s/ Lesli S. Bolner
Lesli S. Bolner, La. Bar Roll # 21969
**Seale & Ross, APLC**
200 N. Cate St.
Hammond, LA 70401
Telephone: 985-542-8500
Telecopier: 985-542-4111
lbolner@sealeross.com
Counsel for Fairway Villas No. 1 Homeowner's Association, Inc.

---

[4] The amount listed does not include the remaining unpaid arrearages which Debtor was to repay in payments of $237 as required by the Order to Pay Dues. Debtor paid 5 payments of $237 to be applied toward arrearages, which were listed in the proof of claim as $869 through November, 2012. By the time of the Order to Pay Dues, $695.20 further accrued for payments from December, 2012, to March, 2013, at $173.80 per month ($158 plus $15.80 late fee), leaving a balanced owed on arrearages of $173.80.



2010
17173 G

| | |
|---|---|
| PATRICIA M. CURRIE | NUMBER:      SECTION" " |
| VERSUS | 22ND JUDICIAL DISTRICT COURT |
| SCOTTSDALE INDEMNITY COMPANY AND FAIRWAY VILLAS NO. 1 HOMEOWNERS ASSOCIATION, INC. | PARISH OF ST. TAMMANY |
| | STATE OF LOUISIANA |
| FILED: *November 16, 2010* | *[signature]* <br> DEPUTY CLERK |

∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes **PATRICIA M. CURRIE**, a resident of the full age of majority of the Parish of St. Tammany, State of Louisiana, who respectfully represents:

1.

Made defendants herein are:

1. **FAIRWAY VILLAS NO. 1 HOMEOWNERS ASSOCIATION, INC.**, a non-profit corporation, licensed to do and doing business in the State of Louisiana, having as its agent for service of process Jesse Wimberly, 630-8 N. Beau Chene Drive, Mandeville, LA 70471; and

2. **SCOTTSDALE INDEMNITY INSURANCE,** or in the alternative, an affiliate thereof, a foreign insurance company authorized to do and doing business in the State of Louisiana, with its agent for service of process being the Louisiana Secretary of State, State of Louisiana;

2.

On or about December 30, 2009, plaintiff, **Patricia M. Currie**, resided at 630-8 N. Beau Chene Drive, Parish of St. Tammany, Mandeville, Louisiana.

3.

On or about December 30, 2009, plaintiff, **Patricia M. Currie**, came out of her residence and walked down the only sidewalk or walkway which leads to her car. It was raining and an 8 foot portion of the sidewalk had accumulated several inches of water due to its defective condition which defendants had adequate notice of and time to repair.

4.

While attempting to navigate the water built up on the sidewalk and stepping over the deepest portion, plaintiff fell injuring herself. Plaintiff had no other alternative walkway or path to

get to her vehicle in the parking lot.

5.

Prior to December 30, 2009, Ms. Currie informed management on several occasions both by a certified letter and verbally that the sidewalk between her residence and her allotted parking space needed repair. Management was given excessively sufficient time to repair the sidewalk but failed to do so.

6.

The incident and resulting injuries were caused by the fault of defendant **Fairway Villa No. 1 Homeowners Association, Inc.** in the following non-exclusive respects:

   a. By failing to maintain its premises in a safe condition;

   b. By failing to make repairs after several notices from petitioner of an unsafe condition;

   c. By failing to inspect the area and/or to remove such hazards;

   d. By failing to prevent plaintiff from entering into what defendant knew or should have known was an unsafe area;

   e. By failing to place plaintiff in a safe living environment and a safe walkway to the parking lot upon receipt of several notices of the hazardous condition; and

   e. Other acts of negligence which were the cause of this accident and will be shown at the trial of this matter.

7.

As a result of this incident, plaintiff sustained serious injuries for which she has incurred substantial medical expenses, lost wages, and a diminution of his earning capacity. Plaintiff has also suffered significant mental anguish and physical pain and suffering, as well as an inability to engage in many of the activities she enjoyed prior to this accident and a general decline in her quality of life, for which defendants are also liable to plaintiff.

8.

Plaintiff alleges upon information and belief that at all times relevant herein, there was in full force and effect a policy of liability insurance issued by defendant **Scottsdale Indemnity Company**, under the terms and conditions of which it agreed to insure and indemnify **Fairway Villas No. 1 Homeowners Association, Inc.** for any damages for which it might be held to be liable to plaintiff and/or from the type(s) of liability asserted herein.

**WHEREFORE,** plaintiff, **Patricia M. Currie**, prays that defendants be duly served and

Case 12-11820 Doc 103 Filed 06/13/16 Entered 06/13/16 15:04:11 Main Document Page 7 of 13

St Tammany Parish Clerk of Court Docket#201017173

Page 3 of 3

cited to appear and answer this Petition, and after the expiration of all legal delays and due proceedings are had, that there be a judgment rendered herein in favor of plaintiff and against defendants, **Fairway Villas No. 1 Homeowners Association, Inc. and Scottsdale Indemnity Company** in solido, for all items of special damages incurred by plaintiff and such general damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of this proceeding, and all such other and equitable relief to which plaintiff may be entitled.

Respectfully Submitted:

DUDLEY DeBOSIER INJURY LAWYERS, P.L.C.

BY: _____
Jeff W. Watson, Bar Roll No. 27133
1075 Government Street
Baton Rouge, Louisiana 70802
(225) 379-3333 Ext. 347
Counsel for Plaintiff

PLEASE SERVE:

Fairway Villas No. 1 Homeowners Association, Inc.
Through its agent for service of process
Jesse Wimberly
630-8 N. Beau Chene Drive
Mandeville, LA 70471

Scottsdale Indemnity Company
Through is agent for service of process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| PATRICIA M. CURRIE | 12-11820 |
| DEBTOR(S) | SECTION A<br>CHAPTER 13 |

EXHIBIT B

## ORDER CONFIRMING CHAPTER 13 PLAN

Pursuant to a hearing held on June 11, 2013, the Court finds that the plan filed in this case on July 19, 2012, as modified by Amendment filed on May 19, 2013, complies with 11 U.S.C. 1325; therefore;

**IT IS ORDERED**:

1. That the plan is confirmed and that the debtor shall make payments to the trustee and to any other parties according to the terms specified in the plan.

2. That the amounts contained in the plan for payment to priority or secured creditors are not binding until after the expiration of the time limits provided by Bankruptcy Rules 3002, 3003, and 3004. The debtor's counsel is directed to file proofs of claim on behalf of all priority and secured claimants who fail to do so within the statutory deadlines.

3. That the amounts specified in the plan payable to secured or priority claimants will be as specified by the plan provided: 1) the claimant fails to file a timely proof of claim in compliance with Bankruptcy Rule 3001, *et seq.*; or 2) the debtor or trustee fails to file a proof of claim within thirty (30) days following the bar date pursuant to Bankruptcy Rule 3004.

4. That if a secured or priority claimant files a timely proof of claim in compliance with Bankruptcy Rule 3001, *et seq.*, the deemed allowed amount of the claim shall be: 1) as provided for by the claim if no objection is made to the proof of claim; or 2) if an objection to the proof of claim is filed, the amount allowed by order of the Court.

5. That if the debtor or trustee files a proof of claim for the claimant, for purposes of distribution under the plan, the amount of the claim shall be: 1) the amount of the proof of claim, if no objection is filed; or 2) if an objection to the proof of claim is filed, the amount allowed by order the Court. The filing of a proof of claim on behalf of a claimant by the debtor or the trustee shall not constitute an admission of the existence, nature, or amounts due or any security for the claim, nor shall the filing of a proof of claim by the debtor or trustee waive any right to object to same.

6. That the debtor and the trustee reserve the right to object to any claim following confirmation.

7. That all proceeds from the sale of property, proceeds from lawsuits or settlements, or tax refunds payable to the debtor shall be turned over to the trustee for administration.

8. That the debtor shall provide to the trustee, at least once every six months until the case is closed, a report on the status of any pending or potential lawsuit in which the debtor is or may be a plaintiff.

9. That in cases filed on or after September 16, 2009, the debtor(s)' Certification of Completion of Post-petition Instructional Course Concerning Personal Financial Management (Official Form 23) is due no later than the date when the last payment is made by the debtor as required by the plan or the filing of a motion for a discharge under § 1328(b) of the Code.

10. That any and all objections to confirmation that were not withdrawn are denied.

New Orleans, Louisiana, June 17, 2013.

                                        Hon. Elizabeth W. Magner
                                        U.S. Bankruptcy Judge

U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: PATRICIA CURRIE | * | CHAPTER 13 BANKRUPTCY |
| | * | |
| | * | SECTION "A" |
| | * | |
| DEBTOR | * | CASE NO. 12-11820 |
| | * | |

**EXHIBIT C**

## ORDER

This matter came before the Court on the Motion to Avoid Lien by Debtor, Patricia M. Currie and Objection filed by Creditor Fairway Villas I Homeowners Association on February 28, 2013.

 PRESENT: Keith M. Couture, Attorney for
 Debtor and Witness, Patricia Currie

 Renee Achee, Attorney for
 Fairway Villas I Homeowners Association

 Andrew Wiebelt, II Attorney for
 Chapter 13 Trustee

Considering the pleadings, the argument of Counsel, testimony of witness and evidence presented;

 **IT IS ORDERED**, that the Motion is GRANTED.

 **IT IS FURTHER ORDERED**, that in May 2013 the debtor is to begin remitting to the Homeowner's Association $237.00 per month to cure past due association fees.

 **IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that debtor is to institute an automatic draft of the monthly association dues from her bank account.

 New Orleans, Louisiana, March 20, 2013.

 Hon. Elizabeth W. Magner
 U.S. Bankruptcy Judge

Fairway Villas I Homeowners Assoc. Inc

5001 Hwy 190 Suite C-3
Covington, LA 70433

# Statement

Date

2/4/2016



To:

Patricia Currie
630-06 N Beau Chene Dr
Mandeville, LA 70471

| Account # | Amount Due | Amount Enc. |
|---|---|---|
| 630-06 | $3,187.95 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 06/15/2014 | Balance forward | | 158.00 |
| 06/16/2014 | PMT #552. | -158.00 | 0.00 |
| 07/01/2014 | Homeownes Dues | 158.00 | 158.00 |
| 07/15/2014 | Special Assessment | 419.90 | 577.90 |
| 07/16/2014 | Late Charges | 15.80 | 593.70 |
| 08/01/2014 | Homeownes Dues | 158.00 | 751.70 |
| 08/15/2014 | Special Assessment | 419.90 | 1,171.60 |
| 08/15/2014 | PMT #6078694. | -158.00 | 1,013.60 |
| 08/15/2014 | PMT #6078728. | -346.58 | 667.02 |
| 08/15/2014 | To Reverse Late Charge in July | -15.80 | 651.22 |
| 09/01/2014 | Homeownes Dues | 158.00 | 809.22 |
| 09/15/2014 | PMT #72954. | -158.00 | 651.22 |
| 09/15/2014 | PMT #72955. | -346.58 | 304.64 |
| 09/15/2014 | Special Assessment | 419.90 | 724.54 |
| 10/01/2014 | Homeownes Dues | 158.00 | 882.54 |
| 10/15/2014 | PMT #9665. | -158.00 | 724.54 |
| 11/01/2014 | Homeownes Dues | 158.00 | 882.54 |
| 11/15/2014 | PMT #6080084. | -158.00 | 724.54 |
| 12/01/2014 | Homeownes Dues | 158.00 | 882.54 |
| 12/16/2014 | PMT #6080527. | -158.00 | 724.54 |
| 01/01/2015 | Homeownes Dues | 158.00 | 882.54 |
| 01/29/2015 | PMT #81005. | -158.00 | 724.54 |
| 02/01/2015 | Homeownes Dues | 158.00 | 882.54 |
| 02/27/2015 | PMT #561. | -158.00 | 724.54 |
| 03/01/2015 | Homeownes Dues | 158.00 | 882.54 |
| 03/27/2015 | PMT #81867. | -158.00 | 724.54 |
| 04/01/2015 | Homeownes Dues | 158.00 | 882.54 |
| 04/16/2015 | PMT #6082291. | -158.00 | 724.54 |
| 05/01/2015 | Homeownes Dues | 158.00 | 882.54 |
| 05/14/2015 | PMT #82663. | -158.00 | 724.54 |
| 06/01/2015 | Homeownes Dues | 158.00 | 882.54 |

| Amount Due |
|---|
| $3,187.95 |

Fairway Villas I Homeowners Assoc. Inc

5001 Hwy 190 Suite C-3
Covington, LA 70433

# Statement

| Date |
|---|
| 2/4/2016 |

To:

Patricia Currie
630-06 N Beau Chene Dr
Mandeville, LA 70471

| Account # | Amount Due | Amount Enc. |
|---|---|---|
| 630-06 | $3,187.95 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 06/14/2015 | PMT #83103. | -158.00 | 724.54 |
| 07/01/2015 | Homeownes Dues | 158.00 | 882.54 |
| 07/15/2015 | Late Charges | 15.80 | 898.34 |
| 07/15/2015 | Special Assessment | 462.81 | 1,361.15 |
| 07/16/2015 | Late Charges Assmt | 46.28 | 1,407.43 |
| 07/28/2015 | PMT #6083558. | -158.00 | 1,249.43 |
| 08/01/2015 | Homeownes Dues | 158.00 | 1,407.43 |
| 08/15/2015 | Special Assessment | 462.81 | 1,870.24 |
| 08/28/2015 | PMT #83983. | -158.00 | 1,712.24 |
| 09/01/2015 | Reverse July Late Charges Assmt | -46.28 | 1,665.96 |
| 09/01/2015 | Homeownes Dues | 158.00 | 1,823.96 |
| 09/15/2015 | Special Assessment | 462.81 | 2,286.77 |
| 10/01/2015 | Homeownes Dues | 158.00 | 2,444.77 |
| 11/01/2015 | Homeownes Dues | 158.00 | 2,602.77 |
| 12/01/2015 | Homeownes Dues | 158.00 | 2,760.77 |
| 01/01/2016 | Homeownes Dues | 213.59 | 2,974.36 |
| 02/01/2016 | Homeownes Dues | 213.59 | 3,187.95 |

| Amount Due |
|---|
| $3,187.95 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: PATRICIA M. CURRIE
Debtor

CASE NO. 12-11820
CHAPTER 13
SECTION "A"

CERTIFICATE OF SERVICE

I hereby certify that a copy of the Objection to Debtor's Motion to Compromise Claim and Use Funds for Medical and Car Expenses has been served on the parties listed on the Notice(s) of Electronic Filing, attached hereto, as indicated thereon and by U. S. Mail on this 13th day of June, 2016:

United States Bankruptcy Court
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras Street, Suite B-601
New Orleans, LA 70130-3319

S. J. Beaulieu
Chapter 13 Trustee
433 Metairie Road
Suite 307
Metairie, LA 70005-4326

Andrew Wiebelt, II
Attorney for Chapter 13 Trustee
433 Metairie Road
Suite 307
Metairie, LA 70005-4326

Office of the U.S. Trustee
400 Poydras Street
Suite 2110
New Orleans, LA 70130-3238

Mr. Keith Couture
Couture Law, LLC
337 Highway 21, Suite D
Madisonville, LA 70447

Bank of America
PO Box 982238
El Paso, TX 79998-2238

Credit Bureau Services
1244 Jackson Street
Alexandria, LA 71301-6927

Patricia M. Currie
630-6 N. Beau Chene Drive
Mandeville, LA 70471-7103

Financial Freedom
P.O. Box 85400
Austin, TX 78708-5400

West Asset Management
2703 N Highway 75
Sherman, TX 75090-2567

Global Payments Check Services
10705 Red Run Blvd
Owings Mills, MD 21117-5134

OneWest Bank, FSB
2900 Esperanza Crossing
Austin, TX 78758-3658

Financial Freedom
c/o Tabitha Mangano
Jackson & McPherson, L.L.C.
1010 Common Street, Ste 1800
New Orleans, LA 70112-2436

Jeffrey Wayne Watson
Dudley DeBosier Injury
Lawyers
1075 Government Street
Baton Rouge, LA 70802-4803

David D. Tran Md LLC
c/o Louisiana Recovery Services
1304 Bertrand Dr Ste F4
Lafayette, LA 70506-9106

Fairway Villas No. 1
Homeowners Association
Willard Lape
122 Lisa Lane
Mandeville, LA 70448-3402

Hammond, Louisiana, this 13th day of June, 2016.

/s/ Lesli S. Bolner
Lesli S. Bolner